Day, J.
This is a proceeding in error, brought to reverse the criminal court of the city of Canton, The plaintiff in error was charged in the court below with a violation of Section 3 of Ordinance 4059 of the city of Canton, said section providing that—
“Whoever, in the city of Canton, permits a game to be played for gain upon or by means of a device or machine in his house or in an outhouse, booth, arbor or erection, of which he has the care or possession, shall be fined not less than $25, nor more than $200.”
The affidavit filed in the court below is in the following language :
“That on or about the 26th day of August, 1919, at the city of Canton, in the said county of Stark, one Nick Magris did unlawfully permit a certain game, the name of which is to affiant unknown, to be played for gain, to-wit, money, by means of a certain gaming device, to-wit, a deck of cards, by certain persons, whose names are to affiant unknown, in a certain house and erection of him, the said Nick Magris, the said house and erection being then and there in the care and possession of him, the said Nick Magris, contrary to the form of an ordinance of said city in such cases made and provided, and further deponent says not.”
The defendant plead not guilty and trial was had before the criminal court and the defendant found guilty. It is to reverse *314 this finding that this proceeding is prosecuted. The usual methods of saving the questions complained of were pursued in the court below, by objection to the introduction of testimony, a motion to quash the affidavit and a motion at the close of the city’s case, as well as at the close of the entire testimony, and a motion for new trial, all of which were held adversely to the plaintiff; in error.
The errors complained of may be grouped under two general heads; first, is the judgment of the court below against the manifest weight of the evidence; and second, did the court err in refusing to quash the affidavit, “for the reason that the same is invalid and void because the city council of the city of Canton, Ohio, has no power to enact a law, except such as is given it by statute, and that it has exceeded its authority under Section 3665 in this, to-wit: that it has placed a penalty on said offense greater than fifty dollars; and second, in this, to-wit: that the offense in said ordinance is an offense under the state law, and one which the city council has no authority to enact.”
A brief review of the testimony upon which the city relied for conviction as to so much of the affidavit as charges the defendant below with permitting games, etc., by divers persons, whose names are to affiant unknown, “in his certain house and erection of him, the said Nick Magris, the said house and erection being then and there in the care and possession of him, the said Nick Magris,” raises the question: did the testimony introduced by the city in the court below justify a finding of guilty? Or, in other words, was the judgment of the court below, finding him guilty, against the manifest weight of the evidence upon that feature of the affidavit?
The rule with reference to the duties of a reviewing court reversing a lower court, or a court setting aside the verdict of a jury upon the question of the weight of the evidence, in Ohio may be stated as follows:
' Commenting on the conflict of evidence in a criminal ease, Judge Peck in Breece v. State, 12 O. S., 146-156, said:
“The jury who try a cause and the court before which it is tried, have much better opportunities to determine the credibility and effect of the testimony, and we ought therefore, to hesitate before disturbing a verdict rendered by a jury and eon- *315 firmed, by a court, possessing such advantages, merely because there is an apparent conflict in the testimony.1 ’
And the court in that case, held that—
“A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony.”
“Applying the rule of law above stated to the evidence presented in this case, we find no sufficient ground to warrant us interfering with the verdict rendered.”
The Court of Appeals of this district laid down the rule for disturbing verdicts in a criminal case, in Andy v. The State, found in 19 C. C. (N. S.), 93 and 94:
“And as a reviewing court, keeping in mind the rule that the verdict of the jury should not be set aside unless it is manifestly against the weight of the evidence, we are of the opinion that the record presents a case which does not require this court to interfere with the verdict of the jury on the ground stated. ’ ’
The court trying the case has the very great advantage of seeing the witnesses, hearing their testimony, observing their demeanor and reaching a conclusion upon not only the spoken words of the witness, but his manner of testifying, his appearance and his general conduct, all of which aid the court in reaching a conclusion as to what weight should be given his testimony.
Now, the rule in a criminal case is that the evidence should satisfy the mind of the trier with the guilt of the accused beyond a reasonable doubt before a judgment or verdict so finding could be lawfully rendered. The Supreme Court of Ohio has held that in human affairs absolute certainty is not always attainable and from the nature of things, reaosnable certainty is all that can be attained upon many subjects. When a full and fair consideration of all the evidence satisfies the mind to a reasonable certainty of the guilt of the accused, it is the duty of the court to so find. Of course, whenever there is only a strong probability of the guilt of the accused, it is the duty of the court to acquit.
Now, as a reviewing court, how stands this record? Are we justified in finding that the judgment of the court below was manifestly against the weight of the evidence? The affidavit *316 charged the man with permitting this gambling in a certain house of which he had the care and possession. The record discloses that two of the city's witnesses testified that the defendant said to them that he was the proprietor of the premises. One of them puts it in a somewhat qualified way by saying that that was his understanding, etc., that the defendant was the proprietor in charge. Corroborative of this was the fact that the defendant was in the actual physical possession of the ground floor of the building and was a member of the organization to which he claims to have sublet these premises, that he was in the physical presence of those who were engaged in. gambling and on the premises wherein this gambling was being carried on. He claims to have sold these fixtures and sublet any rights that he had in these premises and that a club, of which he was a member but not an officer, was conducting this card room.
Now, it appears that he had a chattel mortgage upon these premises by his own story, and a condition in that chattel mortgage justified him in taking physical possession at any time that he found his security in danger. He had more than the interest of a member of the club; he had a possessory right which he could enforce to absolute possession whenever he regarded his security in danger. He is charged with being the one who has the care and possession of these premises. Possession in the law, as the term is used in this ordinance, must mean some right of power or control over the premises for the time being, at least, and to have control of the premises must mean also the right to exercise some power relative thereto; and to have care means substantially the same thing as control, or, at any rate, some right which might be enforceable as to the premises.
Was the conclusion of the court below in finding the defendant guilty manifestly against the weight of the evidence, when we have the testimony of two witnesses for the city who testified to the admission by the defendant that he was the -proprietor of the place, and the record disclosing that the defendant was actually upon the premises in person and in the gambling room; that he had, by his own testimony, a possessory right through the terms of his chattel mortgage, which justified him in reducing the same to an absolute possession whenever he deemed his security in danger?
*317 It is said in an Indiana case that a lessor of a room which was used for gambling, is held to have knowledge of its use under the statute of the state. This man testified that he sublet these premises, and no one can deny but what gambling was going on in this room, that he was physically present and he surely must have seen it.
“It shall be sufficient evidence of the fact that a building or room was rented for the purpose of gaming, if gaming is actually carried on therein with the knowledge of the owner, or under such circumstances that he has good reason to believe that, his room is being so used, and takes no reasonable steps to restrain the occupant from continuing the unlawful use. Section 2079, R. S. 1881. Hence direct evidence to prove that there was a specific agreement or intent on the part of the lessor and his lessee at the time he leased the room that it was to be used for the purpose of gaming, if unnecessary.” Voght v. The State, 124 Ind., 358.
Applying the rule of reasonable doubt, as defined by our Supreme Court, that absolute certainty is not always attainable, but that reasonable certainty is all that can be attained upon many subjects, and the court below, hearing the different witnesses, seeing the witnesses and observing their conduct, reached the conclusion that the defendant was guilty, is this so manifestly against the weight of the evidence that we can be justified, as a reviewing court, in disturbing its finding? We are constrained to the conclusion that we should not. Hence, the petition in error upon this ground should be overruled.
And this brings us to the second phase of the case, to-wit, whether or not the court below erred in refusing to quash the affidavit; or, in other words, whether or not there is error in the criminal court’s conclusion as to the sufficiency of the ordinance and the affidavit drawn thereunder.
It is the contention of the plaintiff in error that this ordinance under which the plaintiff in error is prosecuted is in conflict with Sections 3664 and 3665 of the General Code. An examination of these two sections of the code discloses that a municipality is authorized to provide for punishment, among other things, of a “gambler,” and that Section 3664 provides for punishment for a violation of an ordinance passed in pursuance of its authority, *318 of a fine which, shall not exceed fifty dollars for a single offense. These two sections of the statute are found in the 66th Volume, Ohio Laws, page 183, and were enacted in 1869, and carried into our Revised Statutes, Bates Edition, as Sections 2108 and 2109. In support of the contention of plaintiff in error, we are cited to an opinion of the Circuit Court for Columbiana county, handed down April 10, 1903, wherein a divided court held in substance that a state law having provided for the punishment of assault and battery, a municipality could not punish for the same offense by virtue of Section 2108, R. S., under the powers of Section 1692, R. S. Now, it is to be noted that the case was decided under the law prior to the passing of the municipal code, as found in Volumes 96 Ohio Laws, pages 21 and 22, and 99 Ohio Laws, page 5.
It is the contention of the defendant in error that this ordinance is drawn under Section 3658 of the General Code, and passed by the city council pursuant to Sections 3615, 3616 and 3628 of the General Code. These sections provide in substance, that each municipal corporation shall be a body politic and corporate, and that all municipal corporations shall have the powers mentioned in this chapter, and council may provide by ordinance or resolution for the exercise and enforcement of them; and that the municipality has the right to make the violation of ordinances a misdemeanor and to provide for the punishment thereof by fine or imprisonment or both, but such fine shall not exceed $500, and such imprisonment shall not exceed six months; and among other rights delegated by the Legislature was the right to pass an ordinance to prevent rioting, gambling, noise, disturbance, etc. These sections of the code were adopted in 1902 and 1908, after the decision of the 'circuit court case from Columbiana county, heretofore referred to.
I think it is conceded that the Legislature can authorize a municipal corporation to prohibit and punish minor offenses which are also punished by state law. Koch v. State of Ohio, 53 O. S., page 433. And it is undoubtedly the law that the prohibition of crimes and offenses lies within—
"the domain of the police power; that the execrise of police power .is the exclusive prerogative of the state; that a municipal corporation has no inherent power to act by laws or ordinances *319 for the punishment of offenses; that it has only such powers as are clearly and expressly conferred upon it by the Legislature, or must necessarily be implied in order to carry into effect those expressly granted; that where the Legislature, by general law, has exercised its jurisdiction as to the punishment of an offense, there is a presumption of an intention to make its jurisdiction over such a subject exclusive, and that in'all cases where the grant is uncertain or doubtful, the power must be denied.” 1 C.C. (N.S.), 254 and 255.
Applying that doctrine to the case at bar, does it not appear that the Legislature clearly and expressly conferred upon the municipality the right to pass an ordinance to prevent gambling, by Section 3658; and by'Section 3628 the right to provide a punishment therefor, not exceeding a fine of $500. We are clearly of the opinion that such right has been given and that the city was within its rights in passing the ordinance under and by virtue of, Section 3658 General Code.
Now, Section 13056 of the General Code makes having the care or possession of premises wherein gambling is permitted or carried on, an offense, and the language of this ordinance practically carries the language of the General Code into its terms. This does not render the ordinance ineffective, because the Legislature has delegated the power to pass such an ordinance to the municipality, and under the doctrine of the 53rd Ohio State, supra, the ordinance does not become invalid because the state has legislated upon the same subject, provided the power to pass ordinances upon the subject has been clearly delegated by the Legislature, as is the ease in the present instance.
Let us consider the apparent meaning and intention of the Legislature, in making these misdemeanor sections, to-wit, G. C., 3628, 3658, 3664 and 3665. Section 3658 authorizes the municipality to pass an ordinance to prevent gambling. That clearly means an intention to make a misdemeanor of the act itself, an attempt to eradicate gambling in a municipality and to prevent it. Now, Section 3664, as amended in Volume 103 Ohio Laws, page 168, authorizes the municipality to pass an ordinance to provide for the punishment of persons disturbing the good order, etc. In like manner, to provide “for the punishment of any * * * gambler, etc.” So that it is apparent *320 that Section 3664 is directed against the person, the individual, rather than against the act itself and an attempt to prevent the furtherance of the act, to-wit, gambling.
My view therefore is that the Legislature delegated the power to the municipality to pass the ordinance, and that Section 3658 is the section wherein the power is especially delegated, and that Section 3628 is the section wherein the Legislature delegated the power to the municipality to fix a penalty not to exceed $500, or imprisonment, not to exceed six months, or both. This view does not conflict with Morris v. Conneaut, 20 N.P.(N.S.), 289.
Fully sustaining, the conclusion which I have reached is the case of Sherlock, In re, 19 N.P(N.S.), 302, which is directly in point, and which arose out of a prosecution under a municipal ordinance forbidding gambling.
The court in its opinion, on page 304, says:
“The provisions of Section 3665, Gr. C., declare what punishment may be inflicted for offenses specified in Section 3664, of which the offense in this case is not one, and therefore Section 3665 does not determine the limit of punishment that may be inflicted in this case.
“This case comes within the provisions of Section 3628, Gr. C., which is as follows:
“ ‘Section 3628. To make the violation of ordinances a misdemeanor, and to provide for the punishment thereof by fine or imprisonment, or both, but such fine shall not exceed five hundred dollars and such imprisonment shall not exceed six months. ’
“It is apparent, therefore, that the penalty section of said ordinance is clearly within the limit prescribed by said Section 3628.”
My conclusion is that the court below did not err in overruling the motion to quash the affidavit or -in declining to suspend its judgment by reason of the unconstitutionality or illegality of the ordinance under which the affidavit was drawn. Being of this opinion, the second ground of the petition in error must be denied.
The judgment of the court is that the application of the plaintiff in error for a reversal of the court below must be denied on both grounds.